**WESTERN & SOUTHERN LIFE INSURANCE COMPANY,**
Plaintiff, v. SILER, Defendant-Appellant; NEFF, et,
Defendants-Appellees.

Ohio Appeals, Second District, Montgomery County.

No. 1935.  Decided November 17, 1947.

Frank W. Krehbiel, Dayton, for plaintiff.

Coolidge, Becker & Wall, Dayton, for defendant-appellant.

George E. Nichols, Dayton, for defendants-appellees.

## OPINION

By THE COURT:

This is an appeal on law and fact from the Court of Common Pleas of Montgomery County, Ohio, and is submitted to us by stipulation on the testimony, exhibits' and records of the case in the Court below.

We have carefully considered the evidence in this case, the exhibits and briefs of counsel and are of the same opinion as that of the trial court. The sole question for determination was: Who was the beneficiary of a certain insurance policy issued upon the life of one Elva R. Roderick, deceased? This policy was of the industrial type with the usual "Facility of Payment" clause and designated no beneficiary. At a latter date the insured issued an "Authorization for payment of policy" form in which Vertie Siler, the defendant, was designated as beneficiary under the policy. However, this form was not executed in accordance with the provisions of the policy and because of this deficiency the Court held that Vertie Siler was not entitled to its benefits.

It is urged by the appellant that since Vertie Siler has an identical policy on her life and she executed a similar form designating the deceased as a beneficiary under the terms of her policy, that this, in fact, constituted an equitable assignment of the policy for a valuable consideration. This argument must fail for two reasons: First, the evidence discloses that the consideration never passed as both of the policies were in the possession of Vertie Siler and she never parted with the control of her own. It was in her power to change the beneficiary of her policy at any time and by which act Elva Roderick would have lost all the benefits under her policy; second, Vertie Siler's beneficiary clause to her policy was changed in the same manner as that of the deceased. The change was not made in accordance with the terms of her policy. Neither of these changes or beneficiaries was of any value as they were both void or at least voidable, and therefore could not be a valid consideration for each other. We therefore hold there was no equitable assignment of the deceased's policy to Vertie Siler.

With the foregoing brief comment we adopt the conclusions of law and fact of the trial court. Judge Cecil wrote a lengthy and well considered opinion, which we feel correctly states the law applicable to the facts involved herein. For us to write an extended opinion would serve no good purpose as we fully concur with that of the trial court. Our judgment is the same as that of the Court below.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.